## PEOPLE v SNYDER

Docket No. 116527. Submitted September 28, 1989, at Grand Rapids. Decided December 28, 1989.

Thomas A. Snyder was convicted on his plea of guilty in Ottawa Circuit Court, James E. Townsend, J., of operating a motor vehicle under the influence of intoxicating liquor, third offense, reserving the question of the admissibility of blood test results for appellate review. After arresting defendant, who refused to submit to a breath test, the arresting officer sought a search warrant authorizing withdrawal of a sample of defendant's blood pursuant to a procedure adopted by the Fifty-Eighth District Court whereby the officer contacted the judge by telephone at home and electronically transmitted a facsimile of the unsigned warrant documents to the judge's home. At the judge's instruction over the telephone, the officer raised his right hand and swore to the affidavit. The officer then signed the affidavit and electronically transmitted a facsimile of the signed affidavit to the judge, who then signed the warrant and electronically transmitted a facsimile to the officer. Pursuant to the judge's instruction, the officer then stamped the judge's signature onto the original warrant form and added his own initials. Blood was drawn pursuant to that warrant. Defendant sought to suppress the results of the blood test on the basis that the procedure used rendered the search warrant invalid. The circuit court ruled that the lack of the physical presence of the district court judge at the swearing of the affidavit precluded the resulting order of the court from being a valid search warrant, but held that the resulting order was a lawful court order which by statute would be sufficient to permit the taking of blood samples. Defendant appealed.

The Court of Appeals *held:*

The physical presence of the judge is neither constitutionally nor statutorily mandated in order to have a valid search warrant. The procedure adopted by the district court, including

REFERENCES

Am Jur 2d, Searches and Seizures §§ 72.3, 72.5, 73.

Validity of, and admissibility of evidence discovered in, search authorized by judge over telephone. 38 ALR4th 1145.

the transmittal of facsimiles of the required documents, provides adequate safeguards. The circuit court properly refused to suppress the results of the blood test, but should have done so on the basis that a valid search warrant had been issued.

Affirmed.

SEARCHES AND SEIZURES — SEARCH WARRANTS — OATHS.

All of the constitutionally required elements necessary to have a valid warrant are satisfied even though the police officer requesting the warrant and the judge reviewing the warrant request are at different locations where the necessary documents are transmitted electronically by facsimile machines and oral oaths, testimony and orders are transmitted telephonically (MCL 780.651; MSA 28.1259[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Karen Jongekrijg Miedema,* Assistant Prosecuting Attorney, for the people.

*Van Eenenaam & White* (by *Randall A. White),* for defendant on appeal.

Before: HOLBROOK, JR., P.J., and MACKENZIE and NEFF, JJ.

HOLBROOK, JR., P.J. Defendant pled guilty to OUIL, third offense, MCL 257.625(6); MSA 9.2325(6), and was sentenced to a five-year probationary term. The plea was taken subject to the condition that defendant's claim that his blood test results were obtained illegally be preserved for purposes of this appeal. We affirm.

After being arrested for drunk driving, defendant refused to submit to a breath test. The arresting officer then sought a search warrant authorizing withdrawal of a sample of defendant's blood. Apparently because the hour was late, the officer resorted to a novel procedure previously approved by the Fifty-Eighth District Court in Ottawa

County. The officer contacted the judge by telephone at home and faxed a copy of the unsigned warrant documents to the judge's home. At the judge's instruction over the telephone, the officer raised his right hand and swore to the affidavit. The officer then signed the affidavit and faxed a copy of the signed affidavit to the judge, who then signed the warrant and faxed a copy to the officer. Pursuant to the judge's instruction, the officer then stamped the judge's signature onto the original warrant form and added his own initials.

Defendant sought to suppress the results of the blood test by challenging the validity of the telephone/fax procedure. The circuit court ruled that the procedure was improper because the affidavit was not sworn in the physical presence of the judge issuing the warrant. Since, however, MCL 257.625a(6); MSA 9.2325(1)(6) acknowledges that a suspected drunk driver may be tested pursuant to a "court order," the court reasoned that the requisite judicial authorization for giving a test without the driver's consent need not satisfy all of the procedural requirements for issuance of a search warrant. Thus, the signed, faxed document qualified as a court order, even if it lacked the formality necessary for a valid warrant. On this ground, defendant's motion to suppress was denied.

We address this appeal in terms of whether the telephone/fax procedure resulted in the issuance of a valid search warrant. Because we conclude that the warrant was valid, our affirmance is limited to this ground. When a blood test is obtained on the basis of a search warrant, the results of the test are not subject to evidentiary or procedural restrictions set forth in the OUIL statute. In other words, the warrant procedure exists independently of the testing procedures set forth in the OUIL statute. See *People v Cords*, 75 Mich App 415,

420-423; 254 NW2d 911 (1977). Thus, our determination that a valid warrant was issued is dispositive of this appeal.

With respect to the ruling of the circuit court, we note only that a valid search warrant authorizes nothing inconsistent with or unlawful under the provision in MCL 257.625a(6); MSA 9.2325(1)(6) regarding court orders:

> The person charged shall be advised that if the person refuses the request of a peace officer to take a test described in this section, a test shall not be given without a court order.

This provision does no more than prescribe the advice to be given the allegedly intoxicated driver at his apprehension. Given that the recipient of this advice is assumed to be unsophisticated in knowledge of his or her legal rights, the provision appears to be intended to apprise him or her that a prior judicial authorization would permit the taking of a blood test in the absence of his or her consent. The statute does not authorize or specify any particular form of judicial authorization or procedure, whether it be a warrant or something else; this is a distinction of no consequence to the average driver confronted by the police for drunk driving. We conclude only that a search warrant is encompassed within the term "court order" for purposes of this statute and do not decide whether some less demanding form of judicial authorization would also qualify or whether such a procedure even exists.

Turning to the issue of the validity of the warrant, we perceive nothing about the telephone/fax procedure that is constitutionally infirm. Issuance of a valid warrant requires a prior determination by a detached and disinterested magistrate that

probable cause to search exists. *People v Payne,* 424 Mich 475, 479-480; 381 NW2d 391 (1985). Nothing occurred to deprive the defendant of this protection. The warrant was in writing and signed, either by the judge's personal signature affixed to the copy faxed to the officer or by the judge's delegation of the ministerial act of signing to the officer. See *United States v Turner,* 558 F2d 46, 50 (CA 2, 1977); *State v Andries,* 297 NW2d 124 (Minn, 1980). An oath was administered, albeit over the telephone line. See *Turner, supra,* pp 50-51.

Search warrants are statutorily governed by MCL 780.651; MSA 28.1259(1):

> When an affidavit is made on oath to a magistrate authorized to issue warrants in criminal cases and when the affidavit establishes the grounds for issuing a warrant pursuant to this act, the magistrate, if he is satisfied that there is reasonable or probable cause therefor, shall issue a warrant to search the house, building or other location or place where the property or thing which is to be searched for and seized is situated.

In deciding that the search warrant was deficient, the circuit court construed the foregoing oath requirement in conjunction with the provision in MCL 600.1440(1); MSA 27A.1440(1) governing the taking of oaths generally. The latter statute requires that the oath be taken "before" the judge, and the court construed this to mean that the oath requirement for a search warrant must occur within the presence of the judge. We disagree. We do not believe that invalidation of a search warrant may be justified by the lower court's reading of the statutes to require the formal presence of the affiant.

Generally, the purpose of the oath is to impress

upon its taker the importance of providing accurate information. See *People v Ramos,* 430 Mich 544, 548; 424 NW2d 509 (1988). The same holds true in the context of the constitutional oath requirement for a search warrant. In *Turner, supra,* p 50, the court held that long-distance swearing of an oath over the telephone offended no constitutional precepts:

> An "Oath or affirmation" is a formal assertion of, or attestation to, the truth of what has been, or is to be, said. It is designed to ensure that the truth will be told by insuring that the witness or affiant will be impressed with the solemnity and importance of his words. The theory is that those who have been impressed with the moral, religious or legal significance of formally undertaking to tell the truth are more likely to do so than those who have not made such an undertaking or been so impressed. We cannot accept Turner's argument that for constitutional purposes an oath or affirmation is invalid merely because it is taken over the telephone. The moral, religious and legal significance of the undertaking remains the same whether the oath taker and the witness communicate face-to-face or over the telephone.
> In a ritualistic sense, it may be that an oath taken over the telephone appears less formal or less solemn than one taken in the physical presence of the oath taker. The constitutionality of oaths does not depend, however, on such purely ritualistic considerations. In every meaningful sense, [the witnesses] were under oath. We hold that search warrant application procedures can constitutionally be brought into line with twentieth century technology. [Citations omitted.]

Similarly, we are persuaded that the oath requirement of MCL 780.651; MSA 28.1259(1) should be applied in a fashion no more ritualistic, particularly since it does not explicitly require that the

affiant and the judge be in each other's physical presence. The telephonic link by which the judge and the officer communicated creates enough of a presence to satisfy a reasonable construction of the search warrant statute.

We discern no constitutional or statutory impediment to evidence obtained pursuant to the warrant or the manner in which the warrant was obtained. Therefore, we hold that the telephone/fax procedure used in this case to obtain a search warrant requires no suppression of evidence. In so holding, we note the numerous safeguards built into the procedure adopted by the district court—transmittal of the affidavit to the judge by fax, the administration of an oath over the telephone, the judge's actual signature on the fax form and transmittal of the same to the officer, and the judge's direction to the officer to sign the judge's name to the original warrant form. We do not decide whether a less stringent procedure would have been adequate. We further note the time constraints placed upon the police in gathering a blood sample in view of the well-known fact that the accuracy of a blood-alcohol content test erodes with delay. In these instances, requiring that the officer meet with a magistrate in person would be detrimental to the integrity of the evidence, and, in some instances, completely impractical.

Affirmed.