STATE of Indiana, Appellant
(Plaintiff Below),

v.

Carl Hunter SMITH, Evelyn Arlene Smith, Sueanne Renee Baxter, Appellees (Defendants Below).

No. 73A01–9006–CR–244.

Court of Appeals of Indiana,
First District.

Nov. 14, 1990.

Rehearing Denied Jan. 3, 1991.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellant.

Byron C. Wells, Shelbyville, for appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State appeals from the trial court's grant of the motion to suppress drug evidence obtained during the execution of a search warrant, which motion was made by Carl Hunter Smith, Evelyn Arlene Smith, and Sueanne Renee Baxter (Defendants). We reverse and remand.

## FACTS

At the conclusion of a probable cause hearing held on December 22, 1989, the trial court ordered a search warrant to be issued. Judge Jonathan E. Palmer signed the search warrant, on December 22, 1989, which warrant commanded police officers to search for and seize, at the residence of Carl Hunter and Evelyn Smith, equipment used to grow, sell, or use marijuana.

Deputy Robert Belles and Deputy Bill Branson executed the search warrant the same day. When they informed Carl Hunter Smith of their suspicion that he was growing marijuana and asked for permission to search, Smith consented to the search. However, after immediately consulting his attorney by phone, Smith refused his consent to a search. Officer Belles then told Smith the officers had a search warrant, gave Smith a copy of the warrant, and proceeded to search the house. After the search had begun, Smith noticed the warrant copy was not signed by the judge and informed Deputy Belles. However, Deputy Belles continued to search.

Defendants filed a combined motion to suppress the evidence obtained during the search, contending the search was based on an invalid search warrant, since the copy given to them was unsigned. The trial court granted the motion to suppress the evidence, holding that the issuing official's signature on the service copy of a search warrant is essential to the validity of both the warrant and the search conducted pursuant to it.

## ISSUE

Whether the trial court erred in granting Defendants' motion to suppress the evidence from the search of their residence because the copy of the search warrant provided to Defendants during the search was not signed by the issuing judge.

## DISCUSSION AND DECISION

The State contends the trial court erred in determining that: (1) the search was invalid due to the absence of the judge's signature on the copy of the warrant, and (2) the evidence obtained during the search, therefore, should have been suppressed.

Neither the Fourth Amendment of the United States Constitution nor Article 1, Section 11 of the Indiana Constitution, which each prohibit unreasonable searches and seizures, require the signing of a search warrant or the service of a copy of the warrant on the person whose property is to be searched. Although IND.CODE § 35–33–5–3 contains a facsimile of an approved form for a search warrant in Indiana, which facsimile includes a line for the issuing judge's signature, there is no explicit statutory requirement that the issuing judge or magistrate sign a search warrant in order to validate it.

■ The signature of the issuing judge or magistrate on the original of a search warrant has been held to be a ministerial act. Provided the judge or magistrate found probable cause and intended to issue the warrant, the omission of the signature will not invalidate a search warrant. *See, e.g., Commonwealth v. Pellegrini* (1989), 405 Mass. 86, 539 N.E.2d 514 (in absence of constitutional or statutory requirement that issuing judge, without exception, sign a search warrant, failure of judge to sign warrant was ministerial error which did not invalidate warrant); *People v. Snyder* (1990), 181 Mich.App. 768, 449 N.W.2d 703 (warrant, written and signed either by

judge's personal signature affixed to copy faxed to officer or by judge's delegation to officer of ministerial act of signing, was valid); *State v. Andries* (1980), Minn., 297 N.W.2d 124 (even though statute requires issuing judge sign a search warrant, act is purely ministerial and may be delegated to applicant provided issuing judge performs substantive tasks of determining probable cause and ordering issuance of warrant). We also hold that although the approved Indiana search warrant form in I.C. § 35–33–5–3 contains a line for the issuing judge's or magistrate's signature, such a requirement is a ministerial one. Therefore, failure of the issuing judge to sign the original or a copy of the search warrant does not invalidate a search warrant in Indiana provided the issuing judge or magistrate found probable cause existed and intended to issue the search warrant.

In the present case, Judge Palmer held a probable cause hearing and determined probable cause existed for issuing a warrant for a search of Defendants' premises. He then ordered a search warrant issued. The record shows that he signed the original search warrant. We hold the lack of the judge's signature on the copy given to Defendants was an omission of a purely ministerial function which did not invalidate the warrant.

I.C. § 35–33–5–7(d) requires an officer executing a search warrant announce the officer's authority and the purpose of the visit. I.C. § 35–33–5–7 contains no explicit or implicit requirement that service of a copy of the warrant be made upon the person whose residence is to be searched. In addition, as noted above, service of a search warrant on a person whose premises are being searched is not a constitutional requirement in Indiana.

Although Deputy Belles gave the Defendants a copy of the search warrant, he was not required to do so.[1] The record reflects that he informed the Defendants of his authority and the purpose of his visit.

Therefore, the lack of the issuing judge's signature on the copy of the warrant was immaterial, and the search was valid.

We hold that, because the search warrant and the search were valid, the trial court erred in suppressing the evidence obtained during the search. We reverse the trial court's grant of the Defendants' motion to suppress the evidence.

Reversed and remanded.

BAKER and GARRARD, JJ., concur.

---

1. We note Defendants' argument that we should consider a search warrant to be a discovery order and apply the Indiana Rules of Trial Procedure, which require service of discovery documents. Defendants fail to cite any authority for their argument, and we reject the argument without further discussion.