MANKO v ROOT

Docket No. 129606. Submitted April 16, 1991, at Lansing. Decided August 19, 1991, at 9:45 A.M.

Jo Anne M. Manko, for herself and as personal representative of the estate of John R. Manko, deceased, and others brought an action in the Genesee Circuit Court against Michael J. Root and his father, Arthur Senter, alleging negligence, and against Quick-Sav Food Stores, Inc., alleging liability under the dramshop act, after John Manko was killed in an accident when his automobile collided with Root's. The plaintiffs moved to admit the results of a blood alcohol test performed on Michael Root, obtained under a search warrant secured by a sheriff's detective for purposes of a criminal prosecution. The court, Donald R. Freeman, J., denied the motion. The plaintiffs appealed by leave granted.

The Court of Appeals *held:*

The results of a test of a blood sample taken pursuant to a search warrant may be admitted in a civil case where the evidence is relevant. The court abused its discretion in refusing to admit the blood test results, which were relevant to the issue of Root's intoxication.

Reversed and remanded.

EVIDENCE — SEARCH WARRANTS — BLOOD ALCOHOL TESTS — CIVIL ACTIONS.

The results of a blood alcohol test obtained pursuant to a search warrant for purposes of a criminal prosecution may be admitted in a civil action where relevant.

*Rizik & Zintsmaster, P.C.* (by *Michael B. Rizik, Jr.*), for the plaintiffs.

*Rutledge, Manion, Rabaut, Terry & Thomas,*

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 305, 378.
See the Index to Annotations under Blood Tests; Search and Seizure.

*P.C.* (by *Alvin A. Rutledge*), for Quick-Sav Food Stores, Inc.

Before: SAWYER, P.J., and MARILYN KELLY and NEFF, JJ.

MARILYN KELLY, J. Plaintiffs bring this interlocutory appeal from a circuit court order denying their motion to admit the results of a blood alcohol test performed on defendant Michael Root. We reverse.

The issue in this case is whether the test results from a blood sample taken pursuant to a search warrant are admissible in a civil case. It is one of first impression in Michigan.

John Robert Manko was killed in an accident when Root's automobile collided with his. Root had been drinking intoxicants. He had purchased a twelve pack of beer at defendant Quick-Sav about an hour before the accident. A Genesee County sheriff's detective obtained a search warrant to have Root's blood tested for purposes of a criminal prosecution. The test revealed a blood alcohol level of 0.14 percent.

Plaintiffs sued Root and his father, Arthur Senter, for negligence and sued Quick-Sav for liability under the dramshop act. MCL 436.22; MSA 18.993. Plaintiffs wanted to use the results of the blood test to show by retrograde extrapolation that Root must have been visibly intoxicated when he bought the beer. They sought also to show that he was intoxicated at the time of the accident.

On appeal, plaintiffs argue that the trial court abused its discretion in refusing to admit the blood test results, since Root's blood sample was obtained under a search warrant. Defendants argue that the blood was drawn pursuant to the implied consent statute. MCL 257.625a; MSA 9.2325(1).

Generally all relevant evidence is admissible except when prohibited by constitution, court rule or rule of evidence. MRE 402.

Where the blood sample for a blood alcohol test is obtained pursuant to the implied consent statute, the results of the test are admissible only in the statutorily specified prosecutions. *People v Keen,* 396 Mich 573; 242 NW2d 405 (1976). They are not admissible in a civil action, unless the individual was deceased when his blood was withdrawn. *McNitt v Citco Drilling Co,* 397 Mich 384; 245 NW2d 18 (1976); *Estate of Green v St Clair Co Road Comm,* 175 Mich App 478; 438 NW2d 630 (1989).

The rationale for the prohibition is that the implied consent statute promises protections to a defendant in exchange for which he allows a blood sample to be taken. To permit use of the test results in a type of case not contemplated by the defendant at the time of consent would transgress the scope of his consent. *People v Hempstead,* 144 Mich App 348, 352-353; 375 NW2d 445 (1985).

When a blood sample is taken pursuant to a search warrant, the issue of consent is removed, and the implied consent statute is not applicable. The warrant procedure exists independently of the testing procedure set forth in the implied consent statute. *Hempstead,* 353; *People v Snyder,* 181 Mich App 768, 770; 449 NW2d 703 (1989); *People v Cords,* 75 Mich App 415, 421; 254 NW2d 911 (1977).

In this case, the blood sample was withdrawn pursuant to a search warrant. The basis for defendants' claim that it was taken under the statute is a form filled out by the person obtaining the sample which allegedly cites the implied consent statute.

The statute referred to on the form, 1949 PA

300, is not the implied consent statute. The latter was enacted only in 1960 as Public Act 148. Moreover, the language on the form does not restrict use of the form to situations covered by the implied consent statute. Two witnesses testified that the form is a standard one provided with blood test kits.

Defendants argue, also, that a 1982 amendment to subsection 6 of the implied consent statute brought blood samples obtained pursuant to a search warrant within the statute. They are incorrect. The amendment provides that, if the person refuses to take a "test described in this section," then the test will not be given without a court order. MCL 257.625a(6); MSA 9.2325(1)(6). The implication is that a test performed under court order is not subject to the same legal restrictions as the test described in the statute. See *Snyder*, 771.

Once the question of consent has been resolved, blood alcohol test results are not otherwise suspect. Our Court has held in a criminal case that the admission of the results of a test conducted pursuant to a search warrant is unrestricted. *People v Pittinger*, 105 Mich App 736, 742; 307 NW2d 715 (1981).

There is no reason that the above rationale should not be extended to civil cases. Courts in other jurisdictions have held that illegally seized evidence, inadmissible in a criminal case, may be admissible in a civil proceeding. *United States v Janis*, 428 US 433, 450-460; 96 S Ct 3021; 49 L Ed 2d 1046 (1976). While Michigan courts have not followed this rule, we have held that statements taken without the benefit of *Miranda*[1] warnings may be admissible in civil cases. *Gilbert v Leach*,

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

62 Mich App 722, 725; 233 NW2d 840 (1975), aff'd 397 Mich 384; 245 NW2d 18 (1976); *Birdsey v Grand Blanc Community Schools,* 130 Mich App 718; 344 NW2d 342 (1983). There is less reason to exclude the evidence in this case, as its seizure was legal.

The blood test results were relevant to the intoxication of Root. Their admission was not prohibited by constitution, court rule or rule of evidence. The court abused its discretion in refusing to admit them. *Kochoian v Allstate Ins Co,* 168 Mich App 1, 12; 423 NW2d 913 (1988).

Reversed and remanded for further proceedings. We do not retain jurisdiction.