**Nicholas R. BRANNON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 61A01–0304–CR–151.**

Court of Appeals of Indiana.

Jan. 16, 2004.

Transfer Denied March 26, 2004.

James O. Hanner, Sam A. Swaim, Rockville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Nicholas R. Brannon ("Brannon") brings this interlocutory appeal from the Parke Circuit Court's denial of his motion to suppress. He raises one issue, which we restate as whether the trial court properly denied his motion to suppress when the search warrant was issued by the judge of a neighboring county. Concluding that the judge who issued the search warrant had the jurisdiction to do so, we affirm.

### Facts and Procedural History

On June 28, 2002, after receiving information that Brannon was manufacturing methamphetamine, Deputy Justin Coles ("Deputy Coles") of the Parke County Sheriff's Department sought a search warrant for Brannon's residence in Montezuma, Parke County, Indiana. Apparently, the Parke Circuit Court judge was unavailable that day, and no judge pro tempore had been appointed. Deputy Coles's probable cause affidavit and the search warrant were therefore faxed from the Parke County Prosecutor's office to Judge Bruce V. Stengel ("Judge Stengel") of the neighboring Vermillion Circuit Court. Judge Stengel signed the search warrant and faxed it back later that morning. Deputy Coles executed the warrant the same day and seized evidence of methamphetamine manufacturing from Brannon's residence.

On July 3, 2002, Brannon was charged with twelve counts relating to the manufacture and dealing of methamphetamine. Brannon filed a motion to suppress the evidence found during the execution of the search warrant. Following a suppression hearing on February 21, 2003, the trial court denied Brannon's motion to suppress. Brannon then requested that the trial court certify its order denying his motion to suppress for interlocutory appeal. The trial court granted his request, and on May 23, 2003, our court accepted jurisdiction of this interlocutory appeal.

### Standard of Review

When we review a trial court's ruling on a motion to suppress, we review the record for substantial evidence of probative value to support the trial court's determination. *Willsey v. State,* 698 N.E.2d 784, 789 (Ind. 1998). We do not reweigh the evidence or reassess the credibility of witnesses. We resolve conflicting evidence in favor of the trial court and consider any substantial uncontroverted evidence. *Id.* However, where the issue presented on appeal is a question of law, we review the matter de novo. *State v. Moss–Dwyer,* 686 N.E.2d 109, 110 (Ind.1997).

### Discussion and Decision

Initially, we note that although some jurisdictions limit magistrates to their own territorial jurisdiction with regard to issuance of search warrants, our controlling statute specifically states that a search warrant issued by a court of record may be executed "anywhere in the state."[1] A judge may also issue a search warrant if the judge receives the affidavit in writing via fax.[2] The applicant for a warrant must "transmit to the judge [via fax] a copy of a warrant form completed by the applicant."[3] *See also* Indiana Code § 35–33–5–3 (1998).[4]

---

1. Ind.Code § 35–33–5–7 (1998).

2. Ind.Code § 35–33–5–8(a)(3) (1998).

3. Ind.Code § 35–33–5–8(c) (1998).

4. Ind.Code § 35–33–5–3 provides:

A search warrant in substantially the following form shall be sufficient:

STATE OF INDIANA )
               ) SS:
COUNTY OF \_\_\_\_\_ ) IN THE \_\_\_\_\_ COURT
               OF

Brannon argues that Judge Stengel lacked the authority to issue a "Parke County [w]arrant." Br. of Appellant at 3. While the charges against Brannon were filed in Parke County, the warrant issued by Judge Stengel as the Vermillion Circuit judge is nonetheless valid. *See Clark v. State,* 269 Ind. 316, 380 N.E.2d 550, 553 (1978) (jurisdiction to issue a warrant is not one and the same as jurisdiction over the case in which the evidence sought will be used). Brannon does not assert that there are any other defects in the warrant, and contends that if Judge Stengel had just issued the warrant from the Vermillion Circuit Court, rather than the Parke Circuit Court, there would be no question as to the warrant's validity.

The existence of probable cause for issuance of a search warrant is a judicial determination, not a ministerial one, to be made by a judge or a magistrate. *Bigler v. State,* 602 N.E.2d 509, 517 (Ind.Ct. App.1992), *trans. denied.* The issuing judge or magistrate must meet two tests: he or she must be neutral and detached, and he or she must be capable of determining whether probable cause exists for the requested search warrant. *Id.*

Brannon makes no argument that Judge Stengel was not neutral or detached, or that he was incapable of making the probable cause determination. Indeed, essentially all that Brannon claims is that Judge Stengel failed to cross out "Parke County" and write in "Vermillion County" on the warrant form faxed to him. Such a minor technical anomaly should not invalidate an otherwise valid search warrant. *See State v. Smith,* 562 N.E.2d 428, 429–30 (Ind.Ct.App.1990) (holding that although the approved Indiana search warrant form contains a line for the issuing judge's or magistrate's signature, the signature requirement is ministerial; therefore, failure of the issuing judge or magistrate to sign the search warrant does not invalidate the warrant, provided the issuing judge or magistrate found probable cause existed and intended to issue the warrant).

Here, Judge Stengel found that probable cause existed for the search of Brannon's residence and intended to issue the search warrant. The mere fact that the search warrant form faxed to him was a Parke Circuit Court form does not make the probable cause determination and the search warrant invalid.

Further, we note that in the analogous situation where a party seeks an injunction or temporary restraining order and the circuit court judge is absent, any circuit court judge of an adjoining circuit may hear and determine the granting of a temporary injunction or restraining order. Indiana Code § 34–26–1–3 (1999). Similarly, when a circuit court judge is unavailable, and no judge pro tempore has been appointed, there is no reason why the judge of a neighboring county may not review the probable cause affidavit and issue the search warrant.

To ———— (herein insert the name, department or classification of the law enforcement officer to whom it is addressed)

You are authorized and ordered, in the name of the State of Indiana, with the necessary and proper assistance to enter into or upon ———— (here describe the place to be searched), and there diligently search for ———— (here describe property which is the subject of the search). You are or-dered to seize such property, or any part thereof, found on such search.

Dated this ——— day of ————, 19—, at the hour of ——— —M.

——————————

(Signature of Judge)

Executed this ——— day of ————, 19—, at the hour of ——— —M.

——————————

(Signature of Law Enforcement Officer)

## Conclusion

Concluding that the Vermillion Circuit Court judge had jurisdiction to issue the search warrant of Brannon's residence in Parke County, and that the search warrant was valid, we affirm the trial court's denial of Brannon's motion to suppress.

Affirmed.

NAJAM, J., concurs.

ROBB, J., dissents with separate opinion.

ROBB, Judge, dissenting.

I respectfully dissent. Trial Rule 63 provides the procedure by which a judge pro tempore may be appointed if the regular judge is unavailable:

A judge who is unable to attend and preside at his court for any cause may appoint in writing a judge pro tempore to conduct the business of this court during his absence. The written appointment shall be entered in the records of the court. When duly sworn, or without being sworn if he is a judge of a court of this state, the judge pro tempore shall have the same authority during the period of his appointment as the judge he replaces.... In his absence or when he shall be unable to make such appointment, the appointment may be made by the clerk of his court, or the deputy clerk assigned to his court or in his absence by any available county officer.

Ind. Trial Rule 63(E). That procedure was not followed here when Judge Stengel of Vermillion County found probable cause and issued a warrant out of Parke County. Although the majority calls this a "minor technical anomaly," *see* op. at 752, I believe that this sets us upon the proverbial "slippery slope" and I would hold that the trial court should have granted Brannon's motion to suppress evidence seized via the warrant.

At the hearing on Brannon's motion to suppress, the court reporter for Parke Circuit Court testified that on June 28, 2002, the day this search warrant was issued, she had no independent recollection of whether or not Judge Ronda Brown, the presiding judge of Parke Circuit Court, was in chambers. She testified that if there were no hearings scheduled on a given day, it "would not be unusual" for Judge Brown to not be in chambers, and the only hearing set for June 28, 2002, had been taken off the calendar. However, she further testified that she did not know for a fact that Judge Brown was not in chambers that day. The court reporter testified that she was responsible for keeping records of judge pro tempore appointments and no appointment was made for June 28, 2002.

It appears from the exhibits that the search warrant was prepared by the Parke County Prosecutor's Office and faxed, along with the search warrant affidavit, to Vermillion County at 9:56 a.m. on June 28, 2002. The executed warrant was faxed back from Vermillion County at 10:41 a.m. Appellant's Appendix at 126–27.

The State provided no explanation for why, how long, or even if Judge Brown was "unable to attend" her court on June 28, 2002. Was she out of town or was she merely running late to the office that day? A court may not have two judges with power and jurisdiction to act in the same case at the same time. *Survance v. State,* 465 N.E.2d 1076, 1081 (Ind.1984). *See also Koo v. State,* 640 N.E.2d 95, 98 (Ind. Ct.App.1994), *trans. denied* ("a judge pro tempore may not act as a judge of the court in one room while the regular judge exercises jurisdiction in another room."). Without following the procedures of Rule 63, this is exactly the situation which could

arise. And although Rule 63 does not make clear how long a judge must be "unable to attend" before a judge pro tempore can be appointed, even giving the State the benefit of the doubt that Judge Brown was not in chambers when someone went to get a search warrant, the State still made no explanation for why it did not even attempt to follow the procedure of Rule 63 for appointing a judge pro tempore. The process is not onerous, and it could easily have been accomplished by fax. Then, and only then, could Judge Stengel have properly signed the warrant with the Parke County designation.[5] Alternatively, the State could have sought the search warrant from Judge Stengel out of his own court.

I recognize that aside from the actual form of the search warrant, Judge Stengel otherwise had jurisdiction to enter a search warrant. But I believe that to overlook the form of the search warrant in this case presents too great an opportunity in future cases for waiting for a regular judge to step out of the office for lunch or to wait until near the end of the day when the judge has already left and then "forum shopping" for a judge favorable to one's position. I would reverse the trial court, and thus, I dissent from the majority opinion.

---

**5.** The majority notes that when a party seeks an injunction when the regular judge is absent, any circuit court judge of an adjoining circuit may hear and grant the petition. However, because there is a statute that specifically addresses injunctions, I do not believe, as the majority does, that the two situations are analogous and can be treated the same. There is no statute addressing this situation and thus, we must look to the trial rules for the proper procedure.