# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 29, 2011

142148

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

WAYNE KYLE GREGG,
       Defendant-Appellant.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 142148
COA: 300129
Clinton CC: 10-008568-FH

On order of the Court, the application for leave to appeal the October 14, 2010 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., would grant the application for leave to appeal.

MARILYN KELLY, J. (*dissenting*).

I dissent from the Court's order denying defendant's application for leave to appeal. By assessing 10 points for OV 19 (interference with the administration of justice), the trial court erroneously punished defendant for exercising his constitutional and statutory rights.[1] Accordingly, I would vacate defendant's sentence and remand this case to the trial court for resentencing.

The police stopped defendant for erratic driving and driving with no taillights. When asked if he had been drinking, defendant stated that he had consumed "two beers." The police officer administered field sobriety tests, which defendant failed. The officer also administered a preliminary chemical breath analysis, the results of which indicated that defendant had a blood alcohol content of .166. The officer transported defendant to the Clinton County jail, where defendant refused to submit to a chemical breath test.[2]

---

[1] MCL 777.49.

[2] A preliminary chemical breath analysis, commonly known as a PBT, is distinct from a chemical breath test. Preliminary chemical breath analyses are administered roadside when a suspected offender is pulled over and are used to establish probable cause to arrest an offender for drunk driving. The results of a preliminary chemical breath analysis are inadmissible in court as substantive evidence of intoxication. See MCL

Defendant pled guilty to OUIL-third. At sentencing, the trial judge assessed 10 points for OV 19 based on defendant's refusal to submit to a chemical breath test at the police station. The court imposed a sentence of five years of probation, with the first year in jail. The Court of Appeals denied defendant's application for leave to appeal.

Defendant argues that the trial judge erroneously scored 10 points for OV 19. MCL 777.49 sets forth the criteria for scoring OV 19. It provides, "Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." Ten points may be scored when "the offender . . . interfered with or attempted to interfere with the administration of justice."

The Fourth Amendment to the United States constitution protects the people from unreasonable searches and seizures.[3] The Michigan constitution contains a similar protection.[4] Both constitutional provisions require a warrant supported by probable cause for searches and seizures to be reasonable, and therefore constitutional, unless an exception to the warrant requirement applies.[5]

MCL 257.625c provides that a person who operates a vehicle upon a public highway is considered to have given implied consent to chemical tests of his or her blood, breath, or urine. However, this implied consent is revocable under the protections afforded by the Fourth Amendment, just like consent to any other search. Indeed, "[i]n conducting any consent search, the authorities are limited by the terms of the consent. Consent may be withdrawn or limited at any time prior to the completion of the search."[6]

This axiomatic right is at the very core of the Fourth Amendment. Thus, defendant had a constitutional right to refuse the warrantless chemical breath test. By definition, his assertion of this constitutional right cannot amount to an interference with the administration of justice. Accordingly, the trial judge erroneously scored OV 19 at 10 points.

---

257.625a(2)(b). By contrast, chemical breath tests are performed after an offender has been arrested and are admissible in court as evidence of intoxication. See MCL 257.625a(6)(a) and (d).

[3] US Const, Am IV.

[4] Const 1963, art 1, § 11.

[5] *Katz v United States*, 389 US 347, 357 (1967).

[6] *People v Powell*, 199 Mich App 492, 496-497 (1993) (citations omitted).

Moreover, assuming arguendo that defendant did not have a constitutional right to refuse a chemical test, the Legislature nonetheless provided drivers with several statutory rights with respect to chemical tests. In this regard, MCL 257.625a(6)(b) provides:

> A person arrested for a crime described in section 625c(1) shall be advised of all of the following:
>
> (i) If he or she takes a chemical test of his or her blood, urine, or breath administered at the request of a peace officer, he or she has the right to demand that a person of his or her own choosing administer 1 of the chemical tests.
>
> (ii) The results of the test are admissible in a judicial proceeding as provided under this act and will be considered with other admissible evidence in determining the defendant's innocence or guilt.
>
> (iii) He or she is responsible for obtaining a chemical analysis of a test sample obtained at his or her own request.
>
> (iv) If he or she refuses the request of a peace officer to take a test described in subparagraph (i), a test shall not be given without a court order, but the peace officer may seek to obtain a court order.
>
> (v) Refusing a peace officer's request to take a test described in subparagraph (i) will result in the suspension of his or her operator's or chauffer's license and . . . in the addition of 6 points to his or her driver record.

By its terms, this statute gives drivers the option of (1) taking a test as requested by an officer, (2) taking the requested test and then procuring his or her own test, or (3) refusing a test and having his or her license suspended.[7]

Likewise, subsection (iv) explicitly provides that, if a person refuses the request of an officer to take a chemical breath test, a test *shall not be given* without a court order.[8] This provision effectively codifies the Fourth Amendment protection from a warrantless

---

[7] See also *Collins v Secretary of State*, 384 Mich 656, 667 (1971).

[8] MCL 257.625a(6)(b)(iv). See also *People v Snyder*, 181 Mich App 768, 771 (1989) ("We conclude only that a search warrant is encompassed within the term 'court order' for purposes of this statute . . . .").

search and the principle that an officer may not lawfully compel a chemical breath test without a warrant. Thus, not only did defendant have a constitutional right to refuse a warrantless chemical test, he had a statutory right to refuse it.

Finally, even if defendant had no constitutional or statutory right to refuse a chemical breath test, differences in the relevant statutory language compel a finding that a driver may refuse such a test. As previously noted, preliminary chemical breath analyses are distinct from chemical breath tests. The Legislature provided that preliminary chemical breath analyses are mandatory. MCL 257.625a(2) indicates that "a peace officer . . . may *require* [a driver] to submit to a *preliminary* chemical breath analysis." (Emphasis added). Similarly, MCL 257.625a(4) provides that a person who refuses to submit to a *preliminary* chemical breath analysis "shall be advised that refusing . . . to take a test . . . is a misdemeanor . . . ." (Emphasis added).

By contrast, the provisions governing chemical breath tests do not include mandatory language. Indeed, MCL 257.625a(6)(b)(i) states that a peace officer may "request" submission to a chemical test. A "request," by definition, may be denied. And subsections (6)(b)(i)-(iv) provide drivers with several alternative options in response to a request for a chemical breath test. Had the Legislature intended to mandate compliance with chemical breath tests, it could have incorporated compulsory language in MCL 257.625a(6), just as it did in the provisions governing preliminary chemical breath analyses. It chose not to do so.

Additionally, the Legislature prescribed criminal penalties for failure to comply with a preliminary breath analysis. Yet it prescribed a civil penalty—license suspension—for failure to submit to a chemical breath test. This is further evidence that refusal to comply with a chemical breath test does not constitute a criminal interference with the administration of justice such that points may be assessed under OV 19.

This Court's refusal to correct the trial court's erroneous scoring of OV 19 ignores basic tenets of Fourth Amendment jurisprudence. It disregards the language of MCL 257.625a, and sanctions a heightened punishment for an offender who exercised his or her constitutional and statutory rights. Although defendant's jail term has ended and he has been released on probation, he remains a ward of the Department of Corrections. Thus, he is entitled to resentencing.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 29, 2011

Clerk

h0426