

**FILED**

Jan 17 2017, 7:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott Knierim
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward Taylor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 17, 2017

Court of Appeals Case No.
32A05-1608-CR-1720

Appeal from the Hendricks
Superior Court

The Honorable Stephanie LeMay-Luken, Judge

Trial Court Cause No.
32D05-1603-F5-31

**Robb, Judge.**

# Case Summary and Issue

[1] Police encountered Edward Taylor passed out behind the wheel of his running car. Suspecting he was intoxicated, they sought a search warrant for a blood draw. Because of statutory time constraints on conducting a chemical test, a photograph of the signed search warrant was sent by email to an officer's cell phone. Taylor objected to the blood draw because the officer was unable to show him a physical copy of the search warrant and struggled with the officer before finally complying. After Taylor was charged with battery, resisting law enforcement, driving while suspended, and operating a vehicle while intoxicated, he filed a motion to suppress the blood draw evidence. The trial court denied the motion but certified its order for this interlocutory appeal in which Taylor raises the sole issue of whether the trial court erred in denying his motion to suppress. Concluding the trial court did not err in denying the motion to suppress because the blood draw was conducted pursuant to a valid search warrant, we affirm.

# Facts and Procedural History

[2] On March 18, 2016, at approximately 2:30 in the afternoon, Hendricks County Sheriff's Deputy Dan Parrott approached a vehicle stopped along the road in which Taylor, the driver, appeared to be asleep or passed out. The vehicle was running and in gear and Deputy Parrott was unable to rouse the driver by knocking on the window. Deputy Parrott entered the unlocked car, put it in park, and was then able to wake Taylor, who exhibited signs of intoxication.

Taylor had a suspended license and an active warrant out of Brown County, Indiana. Sergeant Jennifer Brahaum of the Avon Police Department arrived on the scene and also observed signs of intoxication in Taylor. Taylor failed two field sobriety tests and consented to a chemical test. Sergeant Brahaum transported Taylor to a local hospital for a blood draw.

[3] Once at the hospital, however, Taylor refused the blood draw so Sergeant Brahaum contacted the prosecutor's office to obtain a search warrant. She submitted an affidavit of probable cause and a search warrant was signed by the court at approximately 5:15 p.m. As it was approaching three hours since Deputy Parrott first observed Taylor,[1] the prosecutor's office sent a photograph of the signed search warrant to Sergeant Brahaum's cellphone via email. Sergeant Brahaum advised Taylor she had a search warrant to proceed with the blood draw and Taylor asked to see it. When Sergeant Brahaum showed Taylor the email on her phone, he protested that he needed to see a paper copy of the search warrant. Sergeant Brahaum told Taylor a hard copy of the search warrant would be provided to him or his attorney later. Taylor then refused to cooperate with the blood draw and a scuffle ensued, during which Sergeant Brahaum's thumb was sprained and she received several scratches to her arms.

---

[1] *See* Indiana Code section 9-30-6-2(c) (requiring a chemical test to be administered within three hours after a law enforcement officer has probable cause to believe a person committed an offense under Indiana Code chapters 9-30-5 or 9-30-15).

Taylor finally complied and the blood draw was completed at approximately 5:20 p.m.

[4] Taylor was charged with battery, a Level 5 felony, resisting law enforcement, a Level 6 felony, and driving while suspended and operating a vehicle while intoxicated, both Class A misdemeanors. Taylor filed a motion to suppress the blood draw evidence, arguing the electronic copy of the search warrant in Sergeant Brahaum's possession was insufficient to proceed with the blood draw. After a hearing which was not transcribed for this appeal, the trial court denied the motion to suppress but certified the order for interlocutory appeal. This court granted Taylor's motion for interlocutory appeal on September 8, 2016.

# Discussion and Decision

## I. Standard of Review

[5] Our review of a trial court's ruling on a motion to suppress is similar to our review of other sufficiency matters. *Doctor v. State*, 57 N.E.3d 846, 852-53 (Ind. Ct. App. 2016). The record must disclose substantial evidence of probative value supporting the trial court's decision. *Id.* at 853. We do not reweigh the evidence. *Id.* We consider conflicting evidence most favorable to the trial court's ruling, but unlike other sufficiency matters, we must also consider undisputed evidence favorable to the defendant. *Robinson v. State,* 5 N.E.3d 362, 365 (Ind. 2014).

# II. Validity of Search

[6] The taking of a blood sample is a search. *Birchfield v. North Dakota*, 136 S.Ct. 2160, 2173 (2016). The Fourth Amendment to the United States Constitution generally requires law enforcement officials to obtain a valid warrant before conducting a search or seizure. *Garcia-Torres v. State*, 949 N.E.2d 1229, 1237 (Ind. 2011). Taylor asks whether the Constitution "requires a law enforcement officer to have a copy of the warrant in more than just a photo on a phone." Appellant's Brief at 9. He posits, without citation to relevant authority, that having a photograph of a search warrant is akin to "not having a warrant at all[,]" *id.* at 8, and his state and federal constitutional rights were violated when he was subjected to a forcible blood draw without being shown a physical copy of the search warrant. Taylor therefore claims the trial court erred in denying his motion to suppress.

[7] Taylor does not challenge the existence of probable cause to issue the search warrant or the validity of the search warrant itself; he only challenges the form in which it was in Sergeant Brahaum's possession.[2] Whether Taylor is arguing the officer must have a physical copy of the search warrant for the purpose of serving it upon the person to be searched or whether he is arguing the officer

---

[2] The search warrant itself does not appear in the record before us, but there appears to be no dispute that the search warrant of which Sergeant Brahaum had a photograph exists in paper form.

must simply have a physical copy of the search warrant in hand at the time of the search, Taylor is mistaken.

[8] As to the first point, the officer need not serve the search warrant on the person to be searched at all, let alone in any particular format. Indiana Code section 35-33-5-7 sets forth the requirements for execution of a search warrant, including the requirement the officer announce his authority and purpose.[3] Ind. Code § 35-33-5-7(d). Neither this statute, our state criminal procedure rules, nor the state or federal constitutions require service of a copy of the warrant on the person whose property is to be searched. *State v. Smith*, 562 N.E.2d 428, 429 (Ind. Ct. App. 1990); *see also United States v. Grubbs*, 547 U.S. 90, 98-99 (2006) (stating that neither the Fourth Amendment nor Federal Rule of Criminal Procedure 41 imposes a requirement that the executing officer present the property owner with a copy of a search warrant before conducting the search).[4] Accordingly, the fact that Taylor was not served with a paper copy of the search warrant before the blood draw is not a violation of his constitutional rights.

---

[3] Taylor cites Indiana Code section 35-33-5-2 as the statute he believes is controlling with respect to the issue he raises. *See* Appellant's Br. at 8. That section concerns the requirements for the affidavit upon which a search or arrest warrant may be issued. However, Taylor raises no issue regarding the affidavit supporting the search warrant in this case.

[4] Federal Rule of Criminal Procedure 41(f)(1) does require the executing officer to give a copy of the warrant and a receipt for any property taken to the person *after* the search, however.

As to the second point, Taylor argues Sergeant Brahaum did not have an "actual warrant" at the time of the blood draw because she had only a photograph of the warrant. *See* Appellant's Br. at 8. Both the Fourth Amendment and Article 1, section 11 require a warrant to be issued only upon probable cause "supported by oath or affirmation." Indiana Code section 35-33-5-2 generally requires a person seeking a search warrant to file a written affidavit with a judge, except as provided in section 8. In turn, section 35-33-5-8 provides that a judge may issue a warrant without the section 2 affidavit if he or she receives sworn testimony of the same facts required for an affidavit that is given orally in person or over the phone, or in writing by FAX, email, or other electronic transmission. Ind. Code § 35-33-5-8(a)[5]; *see Missouri v. McNeely*, 133 S.Ct. 1552, 1562 (2013) (noting "[w]ell over a majority of States" have "innovated" with "technology-based developments" that allow applications for search warrants to be made remotely through various reliable electronic means). It is unclear how Sergeant Brahaum obtained the search warrant here, but for our purposes, it does not matter. Section 35-33-5-8 allows for an affiant applying by telephone to sign the judge's name to a warrant under the judge's direction, Ind. Code § 35-33-5-8(c); for a judge to transmit a duplicate of a signed warrant to an affiant applying by FAX or email, Ind. Code § 35-33-5-8(d); and for the affiant and judge to use an electronic signature on the affidavit and warrant, Ind. Code § 35-33-5-8(h). In other words, it is clear section 35-33-

---

[5] The statute allowing alternative means of applying for a search warrant was added in 1990 and amended in 2014 to add the provision for sworn testimony by email or other electronic transmission.

5-8 contemplates a situation where the officer and judge do not exchange pieces of paper in order to procure a search warrant, and also contemplates an officer may not have a physical copy of the warrant in his or her possession at the time the warrant is executed. Indiana Code section 35-33-5-8(d) states that if a judge agrees to issue a warrant transmitted by FAX or email, the judge shall "transmit to the applicant a duplicate of the warrant." The easiest and most likely way to transmit a warrant to an officer who applied via email is to reply to the email. The only specific requirement with regard to warrants procured via electronic means is that the affidavit and warrant be printed and retained as if they were the originals. Ind. Code § 35-33-5-8(f). The statute therefore preserves the creation of a permanent written record of the warrant proceedings to protect the defendant's Fourth Amendment rights while allowing for efficient use of technology in the process.

[10] Taylor's only objection is that Sergeant Brahaum did not have a physical piece of paper to show him when he asked to see it; he does not claim that the affidavit and search warrant were not properly retained. A photograph or PDF of a search warrant transmitted via email is as valid and effective as a paper copy. *See Smith v. State*, 311 P.3d 132, 140 (Wyo. 2013) (noting that while state constitutional requirements for a written affidavit showing probable cause for issuance of a warrant remain the same, "[w]hat has changed over time, because of technological advances, is the meaning of the word 'written.' Recorded sworn testimony, which if preserved, and from which a transcript may be produced, is as much a 'writing' in today's world as was a quill-penned line on

a piece of parchment two centuries ago. To conclude otherwise would ignore today's technological realities, and would place form over substance."). That Sergeant Brahaum had only an electronic copy of the search warrant at the time of the blood draw did not violate Taylor's rights because the search warrant was otherwise valid.

# Conclusion

[11] The trial court did not err in denying Taylor's motion to suppress evidence because the evidence was obtained via a valid search warrant despite the fact the officer had in hand only an electronic copy at the time of the search. The trial court's order is therefore affirmed.

[12] Affirmed.

Kirsch, J., and Barnes, J., concur.