**STATE of Minnesota, Respondent,**

v.

**Mary Ellen ANDRIES, Appellant.**

**No. 50688.**

Supreme Court of Minnesota.

July 3, 1980.

Rehearing Denied Sept. 9, 1980.

C. Paul Jones, Public Defender, and Eva-lynn Welling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and John H. Daniels, Jr., Sp. Asst. Atty. Gen., St. Paul, Richard Swanson, County Atty., Grand Marais, for respondent.

WAHL, Justice.

The sole issue on this appeal by defendant from her judgment of conviction of possession of marijuana with intent to sell is whether the search warrant resulting in the discovery of the evidence which incriminated her violated either the Fourth Amendment or state law because it was authorized over the telephone by a judge who fully complied with the requirements of the relevant statutes except that he did not personally sign the warrant but instead delegated that ministerial act to the applicant. We hold that the warrant was properly issued and affirm the judgment of conviction.

At 6:30 a. m. on Sunday, July 6, 1978, a deputy sheriff in Cook County contacted the county attorney and informed him of information he had obtained which established probable cause to believe that marijuana would be found at a certain residence but that haste in obtaining a warrant was required because it was believed that the possessor of the marijuana would soon be leaving town. Because the nearest judge lived 85 miles away, the county attorney called the judge and sought telephonic authorization for a search warrant. The judge then went to his chambers and the deputy to the jail, and a three-way conference call, recorded by both the deputy and the judge, was arranged. The deputy then read the affidavit which the county attorney had prepared, as well as the proposed warrant. The deputy then signed the affidavit in the presence of a witness, and the judge, after making his substantive determination that there was probable cause and that a warrant should issue, delegated to the deputy the task of signing the judge's name to the warrant.

A complete transcript of the telephone conversation as well as the copy of the affidavit and the warrant were available at the omnibus hearing, and the omnibus court denied the motion to suppress.

We have no hesitancy in upholding the constitutionality of the procedures followed in this case. Our conclusion is amply supported by the opinions of a number of commentators and by a number of cases. For a full discussion, *see* 2 W. LaFave, *Search and Seizure*, § 4.3(c) (1978). Interestingly, the procedures followed here were remarkably similar to those established by the revised R. 41(c), Fed.R.Crim.P.

The issue on which defendant focuses our attention is whether the procedures used here violated Minn.Stat. §§ 626.05 and 626.11 (1978), which specify that the issuing judge sign the warrant. We conclude, however, that the requirement that the issuing judge sign the warrant is a purely ministerial task that, at least in circumstances such as this, may be delegated to the applicant, so long as the issuing judge performs the substantive tasks of determining probable cause and ordering the issuance of the warrant. *United States v. Turner*, 558 F.2d 46 (2nd Cir. 1977).

In upholding the warrant issued in this case, we do not mean to sanction the indiscriminate use of such a procedure nor do we suggest that all telephone warrants, no matter what procedure is used, will be val-

id.[1]  In this case there was a demonstrated need for such a warrant, the procedures specified in the statute were substantially followed, and a record was made which was thereafter available for use by defendant in challenging the issuance of the warrant. Under these circumstances, we conclude that the search warrant was properly issued.

Affirmed.

---

1. We are not presented in this case with a situation where the county attorney was not involved in the process of applying for a warrant over the telephone, nor do we imply that Minn.R.Crim.P. 33.04(c) should not be followed. The county attorney did participate in obtaining the warrant here approved.