**STATE of Minnesota, Respondent,**

v.

**Randy RAINES, Appellant.**

**No. A04–1481.**

Court of Appeals of Minnesota.

Jan. 10, 2006.

Mike Hatch, Attorney General, St. Paul, MN and John Carlson, Pine County Attorney, Steven C. Cundy, Assistant County Attorney, Pine City, MN, for respondent.

John M. Stuart, Minnesota Public Defender, Cathryn Middlebrook, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by TOUSSAINT, Presiding Judge; STONEBURNER, Judge; and HUSPENI, Judge.*

## OPINION

STONEBURNER, Judge.

Appellant challenges his conviction of controlled-substance crimes in the first degree, arguing that the district court erred by denying his motion to suppress evidence gathered pursuant to a warrant that he argues was defective because procedures for obtaining a warrant based on oral testimony were not followed. Because we conclude that the procedural defects were not serious violations that subverted the purpose of the procedures for obtaining a warrant based on oral testimony, we affirm.

## FACTS

In the very early morning hours, the police found methamphetamine-manufacturing paraphernalia in a vehicle legally stopped for a traffic violation. The driver was arrested and provided information that he was assisting appellant in the manufacturing of methamphetamine and intended to return to appellant's residence later that day to complete the "cook." Appellant had been under investigation for alleged methamphetamine manufacturing for months. Based on information from the driver and information previously received from a confidential informant, an officer (applicant) prepared a search-warrant application for appellant's residence. Applicant then telephoned a judge at 3:10 a.m. and requested that the warrant be issued by telephone request. The applicant read the prepared application and

provided additional information requested by the judge, which was added to the written application. The judge approved the issuance of a nighttime, no-knock warrant, but never signed the warrant. The applicant recorded the entire telephone request.

The warrant was executed at 5:00 a.m. The police seized evidence of "cooked" methamphetamine, ingredients, and equipment used to manufacture methamphetamine. After attempting to flee, appellant was arrested and transported to jail. The inventory of his personal possessions at the jail listed "misc papers" among other possessions. Appellant was charged with first-degree controlled-substance crimes.

The recording of the warrant application was transcribed approximately 49 days after the warrant was executed. The original search warrant, the original application, the applicant's affidavit, and a copy of the transcript were filed with the district court on the day of appellant's omnibus hearing. Appellant moved to suppress the evidence seized under the warrant due to numerous violations of the procedures for obtaining a telephonic warrant under Minn. R.Crim. P. 36. Appellant also contended that he was not given a copy of the warrant when it was executed. Two days after the omnibus hearing, a copy of the warrant was found among appellant's possessions at the jail despite the fact that appellant's attorney was told by a jailer immediately after the omnibus hearing that a warrant was not among appellant's possessions.

The district court denied appellant's motion to suppress. Appellant submitted the matter to the court for trial pursuant to *State v. Lothenbach*, 296 N.W.2d 854

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

(1980), and was found guilty of first-degree controlled-substance crimes. Appellant was sentenced to 81 months in prison and now appeals his conviction based on the denial of his motion to suppress.

## ISSUES

I. Did the district court err in denying appellant's motion to suppress evidence seized pursuant to the execution of a telephonic warrant when several violations of the procedures set forth in Minn. R.Crim. P. 36 for warrants based on oral testimony occurred?

II. Is the district court's finding that appellant received a copy of the warrant when it was executed clearly erroneous?

## ANALYSIS

### I. Rule 36 violations

■ When reviewing pretrial orders regarding suppression motions, an appellate court "may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing—or not suppressing—the evidence." *State v. Harris,* 590 N.W.2d 90, 98 (Minn.1999).

All of the cases relied on by the parties and the district court on this issue predate promulgation of Minn. R.Crim. P. 36 in 1994. In *State v. Andries,* 297 N.W.2d 124 (Minn.1980), the supreme court upheld a warrant based on information obtained by the judge in a three-way telephone call with the judge, county attorney, and police officer. *Id.* at 125. The supreme court noted that the procedures followed were "remarkably similar" to the procedures established by Fed.R.Crim.P. 41(c). *Id.* The court concluded that the issuing judge's failure to sign the warrant did not require suppression of the evidence seized under the warrant, stating it was a "purely ministerial task that ... may be delegated to the applicant." *Id.* The supreme court

also noted the demonstrated need for the oral request, that the statutory procedures requiring the issuing judge to sign the warrant were "substantially followed," and that the recordation of the oral request provided the defendant with a means of later challenging the issuance of the warrant. *Id.* at 126.

In *State v. Lindsey,* 473 N.W.2d 857 (Minn.1991), the defendant moved to suppress evidence seized pursuant to a telephonic warrant in which the oral request was not recorded. The supreme court identified the issue as "whether the noncompliance with Minnesota statutes, which do not provide for or anticipate the use of telephone warrants, requires the suppression of evidence obtained through the execution of this type of warrant." *Id.* at 860. The supreme court noted the lack of any guidance at that time to police officers or courts in the issuance of telephonic search warrants. *Id.* at 861. The supreme court reiterated its prior holding that "whether or not to suppress evidence because police obtained the evidence in violation of a statute or rule is 'quintessentially a judicial issue.'" *Id.* at 863 (quoting *State v. Mitjans,* 408 N.W.2d 824, 830 (Minn. 1987)). And the court noted that a number of cases already made clear its "judicial intent that a violation of a procedure such as that set forth in Fed. R. Crim P. 41 will not necessarily result in the suppression of evidence seized." *Id.* The court noted that this is the approach it has "taken in deciding whether to suppress evidence seized in searches that, though constitutional, involve statutory violations." *Id.* at 863–64 (citing *State v. Smith,* 367 N.W.2d 497, 504–05 (Minn.1985) (refusing to suppress because the violation was a technical violation of a statute where there was little doubt a court order would have been issued on request); *State v. Schinzing,* 342 N.W.2d 105, 108–09 (Minn.1983)

(citing other cases to the same effect); *State v. Mollberg,* 310 Minn. 376, 386–87, 246 N.W.2d 463, 470 (1976) (agreeing with the approach adopted by federal courts for violations of Fed.R.Crim.P. 41)). The supreme court concluded that the failure to record the oral application did not require suppression and urged police officers, prosecutors, and judges to consider the procedures contained in the federal rules until regulation of telephonic warrants was addressed by statute or rule in Minnesota. *Id.* at 864, 246 N.W.2d 463.

In *State v. Cook,* 498 N.W.2d 17 (Minn. 1993), no contemporaneous record of the telephonic application for a warrant was made, and the supreme court upheld the suppression of the evidence seized in the search. *Id.* at 18–19. Revisiting the procedures of the federal rule, the supreme court reiterated that "[p]rocedural defects which are minor and relatively insignificant need not require suppression," but that "serious violations which subvert the purpose of established procedures will justify suppression." *Id.* at 20. The supreme court stated that the purpose of the telephonic-request procedure

> is to have a record made contemporaneously with the authorization of the search warrant that will show both probable cause for a search and a reasonable need for the warrant to be issued telephonically, so that later, if need be, there is a basis for challenging the warrant that is not dependent solely on after-the-fact recollections.

*Id.* (citing *Lindsey,* 473 N.W.2d at 865 (Wahl, J., dissenting)). "There are two judicial concerns in connection with obtaining a search warrant by telephone: (1) Was there a demonstrated need for a telephone warrant in lieu of the traditional written application? and (2) Were the procedural requirements for obtaining a warrant by telephone duly followed?" *Id.*

In the *Cook* opinion, the supreme court specifically requested that the Advisory Committee on Criminal Rules prepare and submit for the court's consideration a rule covering the application for warrants based on oral testimony. *Id.* at 22. Rule 36, governing the issuance of telephonic warrants, became effective in 1994. This is the first case that we are aware of involving a challenge to the validity of such a warrant based on violations of the procedures set out in the rule. Appellant argues that there was no need for a telephonic warrant in this case, and that even if need is conceded, violations of the procedural rules for obtaining and filing such a warrant require that evidence obtained under the warrant be suppressed.

### a. Demonstrated need

■ "An oral request for a search warrant may only be made in circumstances that make it reasonable to dispense with a written warrant. The judge or judicial officer should make this determination the initial focus of the oral warrant request." Minn. R.Crim. P. 36.02; *see also Lindsey,* 473 N.W.2d at 863 (stating that under the federal rules for obtaining a telephonic warrant, "a showing of need ought to be made as part of the telephonic search warrant application process"). General criteria for determining the need for a telephonic warrant include (1) whether the officer can reach the judge in her office during regular court hours, (2) whether a significant distance exists between the officer and the judge, (3) whether the situation makes it unreasonable for a substitute officer located near the judge to present a written affidavit in person, and (4) whether the need for the warrant is such that without the telephonic procedure a warrant could not be obtained and there would be significant risk that evidence would be de-

stroyed. Minn. R.Crim. P. 36 cmt. (citing *Lindsey,* 473 N.W.2d at 863).

In this case, the applicant informed the judge that an accomplice, who had been arrested after leaving appellant's residence, was planning to return to appellant's residence "to help [appellant] complete the cook." The applicant expressed concern to the judge that appellant would learn of the accomplice's arrest over a police scanner that appellant was known to possess. The applicant also told the judge that the accomplice could not be kept from using the telephone in the jail for an extended period because he had expressed a desire to call his mother. The judge responded "okay" to this information but did not make any further inquiry into the circumstances that made it reasonable to dispense with a written warrant.

The application occurred at 3:10 a.m., but the judge's home was less than ten miles from the sheriff's department where the applicant had already prepared a written search-warrant application to use in the event that the judge declined to issue the warrant on oral testimony. In fact, the applicant read the written application to the judge over the telephone. The application expressed the concern about destruction of evidence if the search was not conducted immediately. The judge did not find that concern sufficient to establish the need for a nighttime, no-knock warrant and obtained additional information from the applicant about appellant's history of violence and the applicant's personal knowledge that appellant carried a knife. At the judge's request, this additional information was added to the written application. The applicant testified at the suppression hearing that obtaining the warrant on written application would have added approximately thirty minutes to the process.

The state argues that despite the lack of a direct discussion about the necessity of obtaining the warrant on oral testimony, the transcript of the oral request demonstrates that the need for the telephonic warrant was expressed to and accepted by the judge. At the suppression hearing, the applicant testified that the accomplice's statement led him to believe that the manufacture of methamphetamine was in progress at appellant's residence when the accomplice was arrested. The applicant, who is also a certified clandestine-lab technician, testified about his investigative experience that "often times as soon as the [methamphetamine] is manufactured and completed, if parties are involved they all split the product and they leave." He further testified about the general mobility of methamphetamine labs, that an oral request for the warrant was more expedient and less inconvenient for the judge given the early morning hour, and that producers endanger themselves when manufacturing methamphetamine because of the toxicity and explosive nature of the ingredients.

Appellant argues that because the judge did not make a "contemporaneous determination" of the reasonableness of the telephonic warrant, the evidence obtained as a result of the search should have been suppressed, and that even if the failure to make a determination of need is overlooked, the evidence did not establish the need for a telephonic warrant. We conclude that a sufficient contemporaneous *record* existed to allow appellant to challenge the warrant on a basis not dependent solely on after-the-fact recollections, fulfilling the purpose of the procedural requirement of demonstrated need. We also conclude that the expressed need was sufficient under the circumstances to make issuance of the telephonic warrant reasonable. Furthermore, based on the supreme

court's historic refusal to suppress evidence for minor violations, we conclude that even if failure to make a determination of need on the record violated rule 36.02, and even if this record was insufficient to establish need for a telephonic warrant, the violations were minor and did not require suppression of evidence seized under the warrant. There can be little doubt that the warrant would have been issued if the written application had been personally presented to the judge.

### b. Other procedural defects

■ Appellant argues that other "pervasive non-compliance" with rule 36 requires that the warrant be declared defective and the evidence seized as a result of the warrant be suppressed. Appellant first argues that although the telephone conversation between the applicant and the judge was properly recorded, it was not timely transcribed and filed with the district court. When the recording is made by the applicant, as in this case, the tape "shall be submitted to the issuing judge or judicial officer as soon as practical, and in any event, not later than the time for filing as provided by Rule 33.04." Minn. R.Crim. P. 36.04(1). Rule 33.04(b) provides that search warrants and related documents "need not be filed until after execution of the search or the expiration of ten days." The record of an oral warrant request must be transcribed "[a]s soon after the testimony is received as practical," and the judge or judicial officer shall certify the accuracy of the transcription. Minn. R.Crim. P. 36.04(3). The recording in this case was transcribed 49 days after the warrant was executed and was filed on the date of the omnibus hearing. The district court found that it was "unclear whether [the transcript] had been filed with the Court in a timely fashion, as required by [rule 36.04] clause (1)."

■ Although appellant asserts that the lack of timeliness "left the process subject to manipulation and/or destruction of evidence," and that the late filing denied him the opportunity to preview the evidence and to prepare and question the sufficiency of evidence until the day of the hearing, he has not provided any factual support for these assertions or any authority that he is entitled to suppression of the evidence as a result of an untimely filing. Appellant also complains that the applicant never submitted the original search warrant for the judge's signature as required by rule 36.05, but does not assert that the filing of an unsigned warrant prejudiced him in any manner. The district court concluded that these procedural defects were minor and did not require suppression of evidence seized under the search warrant. We agree and hold that minor violations of rule 36 in the issuance of a warrant based on oral testimony which do not subvert the purpose of the procedures do not require suppression of evidence seized under the warrant.

### II. Minn.Stat. § 626.16

We find no merit in appellant's assertion that the district court's finding that he was provided with a copy of the warrant when it was executed, as required by Minn.Stat. § 626.16 (2004), was clearly erroneous.[1] The record supports the finding. And, even if appellant had not received a copy of the warrant when it was executed, the supreme court has rejected the argument

---

1. Appellant's brief refers to Minn.Stat. § 626.09 (allowing the district court to examine under oath any person seeking a warrant). But because appellant argues that he did not receive a copy of the search warrant at the time of its execution, we assume he means Minn.Stat. § 626.16 (2004) (requiring an officer conducting the search to leave a copy of the warrant with a person in possession of the premises or property).

that suppression of evidence is required for such a failure. *See Mollberg,* 310 Minn. at 385, 246 N.W.2d at 469 (labeling the failure to leave a copy of the warrant with the defendant a "minor and technical" defect).

### DECISION

The district court's determination that minor violations of Minn. R.Crim. P. 36 in the issuance of a telephonic warrant which occurred in this case do not require suppression of evidence seized under the warrant is affirmed.

**Affirmed.**